# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL KAEMMERLING, #04899-017,    )<br>    Petitioner,    )<br>    )<br>v.    )<br>    )<br>DAVID BERKEBILE,    )<br>    Respondent.    ) | | 3:08-CV-0714-B |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for writ of habeas corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is presently incarcerated within the Federal Bureau of Prisons (BOP) at FCI Seagoville in Seagoville, Texas. Respondent is the warden of FCI Seagoville. The court issued process in this case.

Statement of the Case: Petitioner is presently serving a 120-month sentence for wire fraud, interstate transfer of fraudulently obtained funds, and conspiracy to commit wire fraud, money laundering and interstate transfer of fraudulently obtained funds. *See* Judgment of Conviction in *United States v. Kaemmerling*, 3:00cr45(002)-RV (N.D. Fla. Dec. 5, 2000), attached to the federal petition. At sentencing, the trial court imposed the following criminal monetary penalties: special monetary assessment of $950.00 and restitution of $5,074,000.00.

In this habeas corpus action, Petitioner alleges the sentencing court improperly delegated to the BOP the authority to set the amount and schedule of his restitution payment while he is incarcerated. He requests an injunction invalidating the Inmate Financial Responsibility Program (IFRP).

In response to this court's order to show cause, Respondent moved to dismiss arguing the court lacks subject matter jurisdiction because Petitioner failed to exhaust his administrative remedies, and the petition fails to state a claim upon which relief can be granted. Petitioner filed a response, to which Respondent filed a reply.

Findings and Conclusions: The requirement that a federal prisoner exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241, challenging any circumstances of imprisonment, is judicially created. Section 2241 contains no statutory exhaustion requirement. Nevertheless, a court can deny a § 2241 habeas corpus petition on the merits without reviewing the exhaustion question. *See United States v. Eccleston*, 521 F.3d 1249 (10th Cir. 2008), *pet. for cert. filed* No. 0806163 (Jul. 12, 2008) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (recognizing that it was proper to follow the policy of 28 U.S.C. § 2254(b)(2) -- which permits denial on the merits of an unexhausted petition submitted by a state prisoner -- when dealing with a habeas petition under § 2241). The court follows this approach in this case.

To obtain habeas relief under § 2241 on a challenge to the BOP's authority to collect restitution payments under the IFRP, a petitioner must establish "the deprivation of some right secured to the petitioner by the United States Constitution or the laws of the United States." *Schmidt v. United States Dep't of Justice,* 34 Fed. App'x 151, 151, 2002 WL 495356 (5th Cir.

2

2002) (per curiam) (citing *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995)).

The judgment of conviction ordered Petitioner to make restitution in the amount of $5,074,000.00. (*See* Judgment at 5, attached to federal petition). It provided that the "payment of criminal monetary penalties shall be due during the period of imprisonment" (*id.* at 7, ¶ 5), and that "[a]ny payments of the monetary assessment or restitution made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program" (*Id.* at 7, ¶ 2). The judgment further provided that the "defendant shall pay any unpaid restitution balance at a rate of not less than $150.00 per month, to commence after release from incarceration." (*Id.* at 4).

Under 18 U.S.C. § 3572(d)(1), "[a] person sentenced to pay a fine or other monetary penalty, *including restitution,* shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." (emphasis added); *see also* 18 U.S.C. § 3664(f)(2) (the court shall specify pursuant to 18 U.S.C. § 3572 the schedule according to which restitution is to be paid).

Relying on the above statutes, Petitioner argues that the sentencing court's failure to set a payment schedule for his incarceration period (namely specify the amount he must pay monthly or quarterly under the IFRP) improperly delegates a judicial task to the BOP. (Pet's Reply at 5-6, and 9). He notes that the "Schedule of Payments," on page 7 of the judgment and commitment order, "fails to set any specific amount, nor does it designate any schedule for payments." (*Id.* at 6).

In an unpublished decision, the Fifth Circuit has recognized that, when the judgment (as in this case) establishes the total amount of restitution, but *not* the manner and timing of

3

restitution payments under the IFRP, the sentencing court does not improperly delegate to the BOP its statutory duty of establishing a payment schedule during the period of incarceration. *Schmidt v. U.S. Dept. of Justice*, 34 Fed. App'x 151, 151, 2002 WL 495356, *1 (5th Cir. 2002) (unpublished per curiam) (§ 2241 habeas petition). The Court distinguished *Schmidt* from cases expressly delegating the court's statutory authority to the BOP or any other entity to set a payment schedule. *Id.*

Recently the Seventh Circuit addressed the same issue in the context of a direct criminal appeal. *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008), *pet. for cert. filed* (Jul. 1, 2008). The *Sawyer* court explained that the BOP's authority to collect funds from prisoners under the IFRP (28 C.F.R. § 545.11 and Program Statement PS 5380.08) derives from the Executive Branch, not the court. As a matter of fact, courts lack the authority to override the BOP's discretion in prison matters, including administration of the IFRP. *Id.* The court in *Sawyer* concluded "that a judgment of conviction need not contain a schedule of restitution payments to be made during incarceration." *Id.* at 795. A judge's duty to set a payment schedule under 18 U.S.C. § 3664(f)(2) "need not, and as a rule should not, begin until after the defendant's release from prison." *Id.* at 796. The court noted that "[p]ayments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices." *Id.*

In his reply, Petitioner relies on *United States v. Mortimer*, 94 F.3d 89 (2d Cir. 1996), *United States v. Miller*, 77 F.3d 71 (4th Cir. 1996), and *United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir. 1999), to argue that the district court impermissibly delegated the scheduling of restitution payments to the BOP while he is incarcerated. (Pet's Reply at 6). The above cases,

4

however, involved judgments which *expressly* delegated a judicial function to the BOP or other entity, which is clearly improper and not at issue in this case. *See Sawyer*, 521 F.3d 792, 795 (comparing *Pandiello*, where the court expressly delegated to the BOP a judicial function which could not be transferred, with *McGhee v. Clark*, 166 F.3d 884 (5th Cir. 1999), where judicial silence allowed the BOP to decide how much to remit through IFRP); *Mortimer*, 94 F.3d at 89 (express delegation scenario; restitution was to be paid "according to a schedule to be determined pursuant to the IFRP"); *Miller*, 77 F.3d at 74 (express delegation scenario; fine and restitution were to be paid "at such times and in such amounts as the [BOP] and/or the Probation Office may direct").

In the case at hand, the sentencing court did not impermissibly delegate the timing of restitution payments to the BOP. The judgment specifically ordered restitution to begin immediately, "during the period of imprisonment." Once restitution was properly set by the court at sentencing, the BOP had the independent, statutory authority to collect it through the IFRP. *See Schmidt v. U.S. Dept. of Justice*, 2002 WL 495356, 1 (5th Cir. 2002); *United States v. McGlothlin*, 249 F.3d 783, 785 (8th Cir. 2001) (collecting cases upholding calculation of a defendant's ability to pay a statutory imposed obligation based on defendant's likely prison earnings through IFRP); *see also United States v. Trigg*, 119 F.3d 493, 500 (7th Cir. 1997) (holding that sentencing court did not impermissibly delegate timing of restitution payments to probation department by ordering immediate payment).

Because there was no delegation of the sentencing court's authority, Petitioner has suffered no deprivation under the constitution or the laws of the United States. Accordingly, he is not entitled to habeas relief.

RECOMMENDATION:

For the foregoing reasons it is recommended that Respondent's motion to dismiss for failure to state a claim be GRANTED and that the petition for writ of habeas corpus be DENIED and DISMISSED with prejudice.

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 29th day of September, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.